IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO TEJADA VASQUEZ, #A90329428, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-1021 |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | § § § | |
| Respondent. | § § | |

## ORDER OF DISMISSAL

The petitioner, Francisco Tejada Vasquez, is presently in custody of the Department of Homeland Security, Immigration and Customs Enforcement Division, at a detention center in Houston, Texas.  He seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge an administrative order of removal entered by an immigration judge.  For reasons set forth briefly below, the Court concludes that this case must be **dismissed** without prejudice for lack of subject matter jurisdiction.

According to the pleadings, Vasquez is a native and citizen of El Salvador who became a lawful permanent resident of the United States in 1989.  Vasquez was convicted on April 25, 2003, after he pled guilty to two felony charges lodged against him in the 209th District Court of Harris County, Texas, for tampering with a government record and for engaging in organized criminal activity in connection with an auto theft ring.  (Cause Numbers 930691 & 930940).  As a result, the state trial court sentenced Vasquez to serve

concurrent nine-year terms of imprisonment in the Texas Department of Criminal Justice. Vasquez did not pursue a direct appeal and there is no indication that he ever sought to set aside his convictions on state collateral review.

As the result of these felony convictions, the Department of Homeland Security initiated removal proceedings against Vasquez. Upon his release from TDCJ onto parole, Vasquez was taken into custody of the Department of Homeland Security, where he remains in detention awaiting his removal from the United States.  Vasquez seeks a federal writ of habeas corpus to challenge the removal order entered against him by the immigration judge in that proceeding.  Vasquez now insists that his guilty pleas were invalid because he did not have the benefit of a Spanish-speaking interpreter.  Vasquez accuses his criminal defense attorney of incompetence and the state trial court of "official oppression."   Vasquez contends, therefore, that his removal order should be set aside because the immigration judge ignored these arguments and refused to find that his convictions were void.

Vasquez does not allege or show that he appealed his removal order to the Board of Immigration Appeals (the "BIA").  Accordingly, Vasquez does not establish that he has exhausted his administrative remedies as required by law.  *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA — on direct appeal or in a motion to reopen.").  Under these circumstances, failure to exhaust precludes judicial review.  *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514 & n.7 (5th Cir. 2006) (noting that a court may review a final order of removal only if "the alien has

2

exhausted all administrative remedies available to the alien as of right" ) (quoting 8 U.S.C.
§ 1252(d)).

More importantly, even if he had exhausted all available administrative remedies, this Court has no jurisdiction to consider the subject matter of the petitioner's challenge to his removal order.  Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), has amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional provision:

> (5)   Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

This new provision applies in all cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of the REAL ID Act.  *See* 8 U.S.C. § 1252 note (REAL ID Act § 106(b)). Because the petitioner seeks judicial review of an order of removal, the exclusive jurisdiction provisions of the REAL ID Act apply to his pending petition.  This means that judicial review is available, if at all, in a petition for review filed before the appropriate court of appeals.

Accordingly, because this Court lacks subject matter jurisdiction over the petition, it is **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **March 29, 2006.**


Nancy F. Atlas
United States District Judge